UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JASPER,

        Plaintiff,

                                                           Case No. 04-70067
v.                                                       Hon. Gerald E. Rosen

WAYNE C. ROCKENSUESS and
CHARTER ONE BANK, N.A.,

        Defendants.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on September 28, 2006

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

      In an opinion and order and accompanying order of dismissal entered on February 28, 2005, the Court granted Defendants' motion for summary judgment and ordered that this case be dismissed with prejudice. In its February 28 opinion, the Court observed that Plaintiff had been given ample opportunity to retain counsel to represent him in this action — including an additional window of opportunity at Plaintiff's request, as reflected in a November 10, 2004 order — but that he had neither done so nor filed a response on his own behalf to Defendants' summary judgment motion. Accordingly, the Court proceeded to examine the merits of the various arguments advanced in Defendants'

motion, and found that Defendants were entitled to summary judgment in their favor as to each of the claims advanced in Plaintiff's complaint.

Through the present motion, filed over seven months after the Court issued its February 28, 2005 order of dismissal, Plaintiff seeks relief from the judgment against him on the ground that he now has secured the assistance of counsel that was lacking at the time this judgment was entered.[1] Plaintiff asserts that this relief is warranted in light of the purported "mistakes," "excusable neglect," and "fraud" that allegedly contributed to the judgment, in light of evidence which he has "newly discovered" since the entry of judgment, and under general equitable principles. See Fed. R. Civ. P. 60(b) (listing various grounds for granting relief from a judgment).[2] For the reasons set forth below, the Court readily concludes that no such relief may be awarded here.

In support of his assertions of "mistake" and "excusable neglect," Plaintiff cites his deficient conduct of this litigation on his own behalf, including his failure to file a response to Defendants' motion. As Defendants point out, however, the Sixth Circuit has expressly rejected the notion that a *pro se* plaintiff's failure to make timely filings or

---

[1] Notably, the present motion has been filed on Plaintiff's behalf by the same attorney, Jermaine Wyrick, who wrote a letter to the Court back on October 23, 2004 requesting that Plaintiff be given additional time to retain counsel. Although the Court granted this request in its November 10, 2004 order, neither Mr. Wyrick nor any other attorney appeared on Plaintiff's behalf prior to the entry of judgment in this action. Now, however, Mr. Wyrick indicates that he is willing to represent Plaintiff — although, it should be noted, he has not yet filed an appearance on Plaintiff's behalf.

[2] Although Plaintiff and his new counsel have cited an analogous Michigan Court Rule in the present motion, it is clear that Federal Rule 60(b) governs Plaintiff's request for relief.

otherwise comply with "straightforward" procedural requirements constitutes "excusable neglect" under Rule 60(b)(1).  Eglinton v. Loyer (In re G.A.D., Inc.), 340 F.3d 331, 335 (6th Cir. 2003).  This is all the more true here, where the Court's November 10, 2004 order expressly granted Plaintiff an additional opportunity to retain counsel, and explicitly warned him that the Court would proceed to rule on Defendants' pending summary judgment motion if he did not retain an attorney and seek additional time or respond to this motion on his own behalf.  Likewise, these express instructions from the Court belie any claim of "mistake," as the Court proceeded precisely in accordance with its statements and cautions to Plaintiff in the November 10 order.  Indeed, despite Plaintiff's failure to respond to Defendants' motion, the Court did not simply grant the motion as unopposed, but instead addressed each of Defendants' contentions on the merits.

Plaintiff's appeal to "newly discovered evidence" is equally meritless.  First, Plaintiff fails to suggest, much less demonstrate, that any of this claimed evidence truly is "newly discovered," and could not have been unearthed through a reasonable exercise of diligence prior to the entry of judgment.  See Fed. R. Civ. P. 60(b)(2) (providing that "newly discovered evidence" is that "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)").  Neither has he pointed to anything that qualifies as "evidence" — his and his counsel's bare, unsupported assertions regarding Defendant Charter One's purported "racial discrimination against African-Americans in the City of Detroit" and the bank's "pattern" of similar "racist policies" in other communities, (Plaintiff's Motion at 5, 9), not only lack any basis in any

3

actual or promised record, but are arguably sanctionable, see Fed. R. Civ. P. 11(b)(3). A Rule 60(b) motion is not an appropriate vehicle for hurling invective at the opposing party after one has failed to avail himself of a full and fair opportunity to identify factual support for his claims.

Plaintiff's allegations of "fraud" also are baseless. The sort of "fraud" with which Rule 60(b)(3) is concerned is conduct by an opposing party or witness during the litigation that "prevented the moving party from fully and fairly presenting his or her case." Robert E. Jones *et al.*, Federal Civil Trials & Evidence, § 20:386 (2006); see also Abrahamsen v. Trans-State Express, Inc., 92 F.3d 425, 428 (6th Cir. 1996). Here, Plaintiff suggests only — and, once again, without any suggestion of evidentiary support — that Defendants allegedly engaged in some sort of "fraud" in the course of denying him a mortgage. Even if this were true — and there is no particular reason to believe that it is — it would not warrant relief under Rule 60(b).

Finally, to the extent that Plaintiff appeals to Rule 60(b)'s "catchall" provision at subsection (6), Defendants correctly observe that this subsection is unavailable where, as here, the grounds for relief identified by Plaintiff are addressed in one or more of the first five subsections of Rule 60(b). See McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002). More generally, Defendants point out that relief is inappropriate under this (or any other) subsection of Rule 60(b) where, as here, there is no indication that Plaintiff's claims would fare any better upon reopening these proceedings. See McCurry, 298 F.3d at 597-98 (finding that an award of Rule 60(b) relief was

inappropriate where it "could have no conceivable bearing upon any claim or issue in the present case"); see also Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993). Again, the Court addressed these claims on their merits in its February 28, 2005 opinion, and nothing in Plaintiff's present motion casts any doubt upon the Court's reasoning or rulings in that opinion.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment is DENIED.

          s/Gerald E. Rosen
          Gerald E. Rosen
          United States District Judge

Dated: September 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2006, by electronic and/or ordinary mail.

          s/LaShawn R. Saulsberry
          Case Manager